UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY STARKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-1980 (RJL) |
| ) | |
| MINOR MIRACLE PRODUCTIONS, ) | |
| LLC and DAVID E. RICHARDS, ) | **FILED** |
| ) | **MAY 2 2 2014** |
| Defendants. ) | |
| | Clerk, U.S. District & Bankruptcy |
| | Courts for the District of Columbia |

MEMORANDUM OPINION
(May 22, 2014) [Dkt. #4]

Plaintiff Randy Starkey, proceeding *pro se*, brings this action against Minor Miracle Productions, LLC ("MMP"), and David L. Richards under the Thirteenth Amendment to the United States Constitution.[1] Compl. 1 [Dkt. #1]. Defendants MMP and Richards move to dismiss the complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldmen* doctrine (Fed. R. Civ. P. 12(b)(1)), lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)), *forum non conveniens* (Fed R. Civ. P. 12(b)(3)), and failure to state a claim (Fed. R. Civ. P. 12(b)(6)).[2] Defs. Mot. to Dismiss Compl.

---

[1] For reasons discussed below, this court does not have jurisdiction over this case, and need not address any issues presented by a Starkey's attempt to bring suit under the Thirteenth Amendment without any reference to enforcing statutes. *See Doe v. Siddig*, 810 F. Supp. 2d 127, 135 (D.D.C. 2011) ("Courts in this Circuit have consistently held that there is no private right of action under the Thirteenth Amendment.").

[2] Defendants also filed a Supplemental Motion to Dismiss arguing improper service of the Summons and Complaint. Defs. Supp. Mot. to Dismiss Compl. [Dkt. #7]. Because this court lacks jurisdiction for the reasons described herein, and accordingly, dismisses the complaint, any deficiencies in service are moot and need not be addressed here.

[Dkt. # 4]. Upon consideration of the pleadings, relevant law, and the entire record therein, Defendants' motion to dismiss is GRANTED for lack of jurisdiction.

## BACKGROUND

Plaintiff Starkey, a resident of Tennessee, wrote a screenplay entitled "The Hayfield." Compl. 3, 9. In 2006, Starkey and Richards, a resident of Idaho, formed Minor Miracle Productions LLC, a limited liability company incorporated in and doing business in Idaho, to produce a motion picture based off the screenplay. *Id.* at 3. Starkey alleges that he cast actors, scouted locations, directed, and supervised production of the film. *Id.* at 9. He also alleges that he has not received any compensation for his work on "The Hayfield." *Id.* at 11.

At some point—precisely when or why is unclear from the complaint, and irrelevant to the disposition of this case—the business arrangement between Starkey and Richards went sour. MMP, through its managing member, Richards, sued Starkey in the District Court for the Sixth Judicial District of the State of Idaho, alleging business-related claims such as breach of contract and misappropriation of funds. Verified Compl. and Demand for Jury Trial, *Minor Miracle Prods., LLC. v. Starkey*, No. CV-2008-3920-OC (Idaho Dist. Ct. Sept. 25, 2008) [Dkt. #4-3, Exh. B]. That court entered a Judgment on the Pleadings against Starkey, holding, among other things, that MMP is the sole and exclusive owner of the film "The Hayfield" and that Starkey breached his fiduciary duty and owed Richards in excess of one million dollars. Judgment on the Pleadings, *Minor*

*Miracle Prods., LLC v. Starkey*, No. CV-2008-3920-OC (Idaho Dist. Ct. Aug. 12, 2010) [Dkt. #4-3, Exh. D].

Following the Idaho district court's judgment, MMP, through Richards, registered MMP's copyright of "The Hayfield" motion picture at the U.S. Copyright Office in the District of Columbia on September 17, 2012, indicating that it was created as a work for hire. Compl. 2, 7. Richards and MMP filed the Idaho judgment for domestication in the Tennessee state courts, which domesticated the judgment over Starkey's objections and appeals. *See Minor Miracle Prods., LLC v. Starkey*, No. M2011-00072-COA-R3-CV (Tenn. Ct. App. Jan. 12, 2012) [Dkt. # 4-3, Exh. F].

Starkey timely appealed the Idaho judgment through the Idaho state court system. The Idaho Supreme Court affirmed. *Minor Miracle Prods., LLC v. Starkey*, 152 Idaho 333, 271 P.3d 1189 (2012). Starkey then unsuccessfully sought certiorari in the United States Supreme Court. *Starkey v. Minor Miracle Prods., LLC*, 132 S. Ct. 2399 (2012).

Prior to the final resolution of the state matter, Starkey sued Richards, MMP, an Idaho state court judge, and various attorneys for copyright infringement in the U.S. District Court for the Middle District of Tennessee. *See* Report and Recommendation, *Starkey v. Richards*, 3:10-cv-00921 (M.D. Tenn. Apr. 4, 2011). The district court granted the defendants' motions to dismiss, concluding that Starkey's claims were barred by the *Rooker-Feldmen* doctrine, which precludes the lower federal courts from hearing cases arising out of injuries caused by state court decisions. The court also held that it did not

have personal jurisdiction over the defendants.[3] Order, *Starkey v. Richards*, 3:10-cv-00921 (M.D. Tenn. Nov. 9, 2011). The United States Court of Appeals for the Sixth Circuit affirmed. Order, *Starkey v. Richards*, No. 11-6459 (6th Cir. Aug. 9, 2012).

Starkey then initiated the action that is now before this court. Starkey appears to seek a declaratory judgment that he is not a slave and has the right to own copyrights, injunctive relief ordering the U.S. Copyright Office to take down any notice that "The Hayfield" screenplay and picture were created as works for hire, and monetary damages from Richards and MMP. Compl. 29-30. Defendants move to dismiss the complaint on a number of grounds, only two of which are addressed here.[4]

## ANALYSIS

As a threshold matter, a court must determine whether it has jurisdiction to consider a plaintiff's claim. *Thomas v. Knight*, 257 F. Supp. 2d 86, 92-93 (D.D.C. 2003) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Both subject matter jurisdiction over the claim and personal jurisdiction over the defendants are required. Neither is present here.

### A.     Subject Matter Jurisdiction

The *Rooker-Feldman* doctrine, set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prevents lower federal courts from functioning as de facto appellate courts for state court decisions.

---

[3] The complaint had named as defendants a number of Tennessee attorneys, but they already had been dismissed from the case. *See* Report and Recommendation, *Starkey v. Richards*, 3:10-cv-00921 at 2 n.1

Lower federal courts do not have jurisdiction to review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (explaining that "[t]he *Rooker–Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court" because they lack jurisdiction). This ensures that that the Supreme Court's appellate jurisdiction over decisions of state courts of last resort, codified at 28 U.S.C. § 1257, is exclusive. *See Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997).

Although not an outright request for appellate review of the Idaho state court's decision, Starkey's unconventional approach does not change the fact that, at its core, this suit arises out of Starkey's discontent with the adverse judgment in Idaho. Indeed, Starkey's allegations that he has been enslaved and deprived of the right to copyright stem directly from the Idaho state courts' determinations regarding MMP's ownership of "The Hayfield" and the business arrangement between Starkey and Richards. The relief Starkey seeks would require this court to revisit the judgment in the Idaho state courts. This suit therefore faces the same jurisdictional barriers that derailed his previous action before the Middle District of Tennessee and the Sixth Circuit. Here, too, "Starkey's

---

(M.D. Tenn. Apr. 4, 2011).
[4] This court need not, and does not, reach defendants' Fed R. Civ. P. 12(b)(3) or 12(b)(6) grounds.

5

complaint and his specific issues on appeal reflect his dissatisfaction with the adverse Idaho judgment . . . . Any litigation of Starkey's claims would necessarily involve review of the Idaho judgment. This a federal court may not do." Order, *Starkey v. Richards*, No. 11-6459, slip op. at 3 (6th Cir. Aug. 9, 2012).

## B. Personal Jurisdiction

Even if this court did have subject matter jurisdiction over the claims raised in Starkey's complaint, it cannot consider the merits of those claims unless it has personal jurisdiction over the defendants. A plaintiff bears the burden of establishing a factual basis for exercising personal jurisdiction over the defendants. *Crane v. N.Y. Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). The court generally requires only a prima facie showing of jurisdiction. *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). It is not obligated to treat a plaintiff's allegations as true, and instead may receive and consider affidavits and other relevant matter in determining jurisdiction. *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). However, the court must resolve any factual discrepancies in the plaintiff's favor. *Crane*, 894 F.2d at 456.

Here, Starkey bears the burden of establishing a prima facie case for this court's exercise of personal jurisdiction over the defendants. Because Richards and MMP are not residents of the District of Columbia, *see* D.C. Code § 13-422, jurisdiction must be applicable under the District of Columbia's jurisdictional statutes,[5] as well as satisfy

---

[5] Richards and MMP are subject to jurisdiction in Idaho's courts of general jurisdiction, so this situation falls outside the scope of Fed. R. Civ. P. 4(k)(2)(A).

constitutional due process principles. *See* Fed. R. Civ. P. 4(k)(1)(A); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

A District of Columbia court has general jurisdiction over foreign corporations "doing business" within the District of Columbia on a continuing and systematic basis. *See* D.C. Code § 13-334; *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 510 (D.C. Cir. 2002). Starkey does not allege any facts that would constitute a showing that MMP conducts, or ever conducted, continuous or systematic business within the District.

In addition, a District of Columbia court may exercise specific jurisdiction over claims that arise out of specific events or activities that occurred within the District. In relevant part, the District of Columbia's long-arm statute provides:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
> (1) transacting any business in the District of Columbia
> [. . . .]

D.C. Code § 13-423(a)(1). The hook on which Starkey hangs his jurisdictional hat is the fact that Richards registered MMP's copyright of "The Hayfield" movie at the U.S. Copyright Office in the District of Columbia. Objection to Three Mots. to Dismiss 4 [Dkt. #10]. The key question, then, is whether Starkey's claim arises out of this registration so as to satisfy D.C. Code § 13-423(a)(1). It does not. Starkey's claim of involuntary servitude arises out of the business arrangement between Starkey and Richards in Idaho, and how the Idaho courts have interpreted it: Starkey owes Richards

money, not vice-versa, and MMP owns the movie "The Hayfield." The registration of the copyright is a byproduct of that business arrangement, just as Starkey's claim is.

Even if this conduct satisfies D.C. Code § 13-423(a)(1), as well as the "minimum contacts" requirements of due process, *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), District of Columbia law recognizes a "government contacts" exception for conduct that may otherwise satisfy the jurisdictional requirements. *See Companhia Brasileira Carbureto De Calcio v. Applied Indus. Materials Corp.*, 35 A.3d 1127, 1131 (D.C. 2012); *Envtl. Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc.*, 355 A.2d 808, 813 (D.C. 1976) (en banc). District of Columbia courts refrain from exercising personal jurisdiction over nonresidents who entered the District of Columbia for the purpose of contacting a federal agency. *Companhia*, 35 A.3d at 1131. The "government contacts" exception recognizes

> the unique character of the District as the seat of national government and in the correlative need for unfettered access to federal departments and agencies for the entire national citizenry. To permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District consists of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also would threaten to convert the District of Columbia into a national judicial forum.

*Envtl. Research*, 355 A.2d at 813 (internal footnotes omitted).

Registering a copyright with a federal agency in the District affords Richards's and

8

MMP's actions the protection of the government contacts exception.[6] *See Inv. Co. Inst. v. United States*, 550 F. Supp. 1213, 1217 (D.D.C. 1982) (holding that filings with the SEC and application for membership in the NASD did not provide jurisdiction).

Starkey alleges that this registration was fraudulent. Objection to Three Mots. to Dismiss 4 [Dkt. #10]. If true, the government contacts exception would not apply. *Companhia,* 35 A.3d at 1133-34. However, Richards registered MMP's copyright after the Idaho state courts declared MMP to own the motion picture, and so the registration cannot be said to be fraudulent. In any event, Starkey has not pled fraud with the particularity required under Fed. R. Civ. P. 9(b). *See id.* at 1134-35.

## CONCLUSION

Thus, for all of the foregoing reasons, defendants' Motion to Dismiss [Dkt. #4] is GRANTED, and plaintiff's claim for relief is DISMISSED. An appropriate order shall accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[6] There is some uncertainty regarding the reach of the government contacts exemption, particularly with respect to its relationship to the First Amendment and its application when contacts with the government form the basis of the allegations. *Compare Envtl. Research*, 355 A.2d 808 (taking a broad approach) *with Rose v. Silver*, 394 A.2d 1368 (D.C. 1978) (finding the government contacts exemption to align with the First Amendment right to petition the government) *and Kazenercom TOO v. Turan Petroleum, Inc.*, 590 F. Supp. 2d 153, 162 n.13 (D.D.C. 2008) (explaining that the exception applies only to "plaintiffs who are attempting to base jurisdiction or venue on routine government filings that have nothing to do with their allegations"). The precise limits of the exception need not be explored here. Registering a copyright over something one owns is the type of action the exception is designed to protect, and, though clearly upsetting to Starkey, is not the underlying source of his involuntary servitude claim.